IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

ARVIN AURORA,

    Defendant.

                                       /

No. CR 15-0361 WHA

**FINAL CHARGE TO THE JURY**

1.

Members of the jury, it is now my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary. These instructions fall into several parts. The first part will address guidelines for evaluating the evidence, the burden of proof, and related matters.

2.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law in my instructions whether you agree with the law or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case fairly on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case.

3.

You must follow all of the instructions and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that matter is entirely up to you.

4.

The charges against the accused are not evidence. A separate crime is charged against the accused in each count. You must decide each count separately. The accused has pleaded not guilty to the charges. He is presumed to be innocent and does not have to testify or present any evidence to prove his innocence. The government has the burden of proving every element of the charges here beyond a reasonable doubt. Anytime I say in these instructions that the government has the burden of proof, it means proof beyond a reasonable doubt.

5.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the accused is guilty. It is not required, however, that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not

based purely on speculation. It may arise from a careful and impartial consideration of all the evidence or from a lack of evidence.

6.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the accused is guilty as charged, it is your duty to find him not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the accused is guilty as charged, it is your duty to find him guilty.

7.

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the accused did not testify.

8.

The evidence that you are to consider consists of:

　　1.　　The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

　　2.　　The exhibits that have been received into evidence; and

　　3.　　Any facts to which the parties agree.

9.

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proven.

10.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

　　1.　　Arguments and statements by lawyers are not evidence. They are not witnesses. What they said in their opening statements, closing arguments, and at other times is not evidence. Your memory of the evidence controls over the way either side has conveyed it to you.

2. A statement or suggestion in a question to a witness is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it as evidence only in light of the answer by the witness. If an objection was sustained to the question, then you must disregard it and the answer entirely.

3. Statements made in your presence by either side in response to a question or remark by the Court or the other side are not evidence.

4. Objections to questions are not evidence.

5. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

6. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

11.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. Other evidence, however, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

12.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see, hear, or know the things testified to;

       2.       The witness' memory;

       3.       The witness' manner while testifying;

       4.       The witness' interest in the outcome of the case and any bias or prejudice;

       5.       Whether other evidence contradicted the witness' testimony;

       6.       The reasonableness of the witness' testimony in light of all the evidence; and

       7.       Any other factors that bear on believability.

### 13.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

### 14.

You have heard testimony from law enforcement officials. In evaluating the credibility of a law enforcement witness, you should use the same guidelines that apply to the testimony of any other witness. You should not give greater or lesser credence to the testimony of a witness merely because he or she is or was a law enforcement official.

### 15.

Some witnesses have given testimony in the form of opinions based on education or experience. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

### 16.

You are here only to determine whether the accused is guilty or not guilty of the crimes charged in this case. Your determination must be made only from the evidence received at the trial. The accused is *not* on trial for any conduct or offense *not* charged in this case. Even if you believe the accused is guilty of some other crime, you should focus your attention solely on

the crimes charged in this case. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the accused, *only* as they relate to the charges in our case.

17.

I will now turn to the law governing the offenses charged.

18.

The accused is charged in Count One with knowingly and willfully making a false statement in a matter within the jurisdiction of a governmental agency or department, the Board of Governors of the Federal Reserve System, in violation of Section 1001(a)(2) of Title 18 of the United States Code. The accused is charged in Counts Two through Four with knowingly making a false statement for the purpose of influencing an action of the Federal Deposit Insurance Corporation, or FDIC, in violation of Section 1007 of Title 18 of the United States Code.

19.

In order for the accused to be found guilty of Section 1001(a)(2), as charged in Count One, the government must prove each of the following elements beyond a reasonable doubt:

*First*, on or about February 26, 2013, in the Northern District of California, the accused willfully and knowingly made a materially false, fictitious, or fraudulent statement or representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by certifying in his Uniform Disclosure Form for Supervision and Regulation Personnel, known as a "Form D," the information on which was reviewable by the Board of Governors of the Federal Reserve System, that he held no positions, whether compensated or not, with an organization (corporation, company, firm, business enterprise, partnership, non-profit organization, educational institution or other organization) in which he served as an employee, officer, owner, director, member, trustee, partner, advisor or consultant;

*Second*, the accused acted willfully; that is, the accused acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful; and

*Third*, the statement was material to the activities or decisions of the Board of Governors of the Federal Reserve System; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

20.

In order for the accused to be found guilty of Section 1007, as charged in Count Two, the government must prove each of the following elements beyond a reasonable doubt:

*First*, on or about January 17, 2014, in the Northern District of California, the accused knowingly made a false statement to the Federal Deposit Insurance Corporation (FDIC) by submitting an Interagency Biographical and Financial Report, in which, in response to the question "Have you or any company with which you are or were associated filed a petition under any chapter of the Bankruptcy Code or had an involuntary bankruptcy petition filed against you or the company?" he falsely answered "No;"

*Second*, the accused knew that the statement was false; and

*Third*, the accused did so for the purpose of influencing an action of the FDIC.

21.

In order for the accused to be found guilty of Section 1007, as charged in Count Three, the government must prove each of the following elements beyond a reasonable doubt:

*First*, on or about January 17, 2014, in the Northern District of California, the accused knowingly made a false statement to the FDIC by submitting an Interagency Biographical and Financial Report, in which he falsely identified himself as 100% owner of 146 Springdale Way, Emerald Hills, CA 94062;

*Second*, the accused knew that the statement was false; and

*Third*, the accused did so for the purpose of influencing an action of the FDIC.

22.

In order for the accused to be found guilty of Section 1007, as charged in Count Four, the government must prove each of the following elements beyond a reasonable doubt:

*First*, on or about January 17, 2014, in the Northern District of California, the accused knowingly made a false statement to the FDIC by submitting an Interagency Biographical and

1  Financial Report, in which, in response to the instruction to list all loans or notes payable, the
2  accused did not identify an approximately $22,000 secured automobile loan from Westamerica
3  Bank;

4  *Second*, the accused knew that the failure to identify the loan was false; and
5  *Third*, the accused did so for the purpose of influencing an action of the FDIC.

23.

7  I will now explain what "on or about" means. Although it is necessary for the
8  government to prove beyond a reasonable doubt that the offenses were committed on dates
9  reasonably near the relevant dates alleged, it is not necessary for the government to prove that
10  the offenses were committed precisely on the dates charged.

24.

12  An act is done knowingly if the accused is aware of the act and does not act through
13  ignorance, mistake, or accident. You may consider evidence of the accused's words, acts, or
14  omissions, along with all the other evidence, in deciding whether the accused acted knowingly.
15  With respect to Counts Two through Four, the government is not required to prove that the
16  accused knew that his acts or omissions were unlawful.

25.

18  You have heard references to the Federal Reserve Bank of San Francisco's Code of
19  Conduct. You should keep in mind that the accused is not charged with violating the Code of
20  Conduct or with engaging in any conflict of interest. You may only consider the circumstances
21  relating to the Code of Conduct insofar as it bears upon the specific crimes charged and the
22  elements outlined above.

26.

24  You have heard evidence that at a meeting in June 2013, the accused misstated the
25  month of the letter of intent, saying it was March 22, 2013, instead of February 22, 2013.
26  Similarly, you have heard that he made misstatements about the state of incorporation of
27  Redwood Equity Partners, Inc. You must keep in mind that he is not charged in this case with
28  making any such misstatements, if you find they were misstatements, and they may only be

considered by you for the light they shed on the specific counts charged in this case. The same is true for any other misstatement not charged in this case.

27.

There is nothing illegal about a nondisclosure agreement or a letter of intent and in fact they are routine in possible sales of businesses, including banks. You may consider the nondisclosure agreement and letter of intent involved in this case only insofar as you find they shed light on the specific counts charged in this case.

28.

I will now explain the term "Northern District of California." This is one of 94 judicial districts in the United States and the Northern District of California goes from Monterey County to the Oregon border and includes all of the Bay Area. San Francisco and San Mateo Counties are in the Northern District of California.

29.

The punishment provided by law for the alleged crimes is for the Court to decide. You may not consider punishment in deciding whether the government has proven its case against the accused beyond a reasonable doubt. That is an entirely separate matter not relevant here and on which you should not speculate or base your decision in any way.

30.

You are free to deliberate over the counts in any order you think most effective. You may possibly determine that certain counts ought to be considered out of strict numerical sequence. To repeat, you are not required to address the counts in strict numerical sequence, so long as you decide all of the counts eventually.

31.

A separate crime is charged against the accused in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

32.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

33.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each count, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

34.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

35.

I will give you a verdict form to guide your deliberations. However, you do not need to address the questions in the precise order listed.

36.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberation.

37.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

1. A work copy of these jury instructions for each of you;
2. A work copy of the verdict form for each of you;
3. An official verdict form; and
4. All of the exhibits received into evidence.

Remember that none of these items is evidence except the exhibits.

38.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

39.

A court security officer will be outside the jury room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your foreperson or by one or more members of the jury.

40.

No member of the jury should ever attempt to communicate with me except by a signed writing via the court security officer, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

41.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

42.

It is very important that you let the Clerk know via the court security officer in advance what hours you will be deliberating so that the lawyers and parties may be present in the courthouse at any time the jury is deliberating.

43.

You may only deliberate when all twelve of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberations.

44.

Now, a word to our alternate jurors. You will not be deliberating with the rest of the jury at the outset. You are free to leave once the jury begins its deliberations. You may be called in to replace one of the jurors. Therefore, your responsibilities as an alternate remain in effect. This means you are not to discuss this case with anyone until you join the regular jury in deliberations or until a verdict is returned and I expressly release you from service. If it becomes necessary to have you replace a juror, you will be asked to return to the court. You will then be sworn into the main jury and you and the rest of the jury will begin deliberations anew. If you are not needed, you will be notified as soon as the Court itself makes that determination. We will pause for a moment now for our alternates to be escorted out — with our thanks.

45.

After all twelve of you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court through the court security officer that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: January 26, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE